**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**VENANCIO VIGIL, JR.,**

**Petitioner,**

v.                                                      **CASE NO. 25-3040-JWL**

**PAUL SNYDER[1],**

**Respondent.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Venancio Vigil, Jr., a state prisoner incarcerated at Winfield Correctional Facility in Winfield, Kansas. The Court has conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, as explained below, it appears that the principles of comity and federalism weigh in favor of this Court declining to consider the claims in this matter at this time. Petitioner will be granted time in which to show cause why this matter should not be dismissed so that he may complete the pending state-court proceedings and exhaust the claims he wishes to bring in this federal habeas matter. In addition, for the reasons set forth below, the Court will deny as moot the motion to proceed in forma pauperis (Doc. 2) and will deny the motion to appoint counsel (Doc. 4).

---

[1] Petitioner has named the State of Kansas as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Paul Snyder, the current warden of Winfield Correctional Facility, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Federal Rules of Civil Procedure 25(d) and 81(a)(4).

**Background**

A jury in the District Court of Reno County, Kansas, convicted Petitioner of aggravated battery and attempted second degree murder and, in June 2017, he was sentenced to 247 months in prison. (Doc. 1, p. 1.) Petitioner pursued a direct appeal, but on February 14, 2020, the Kansas Court of Appeals (KCOA) issued an opinion affirming the convictions. *See State v. Vigil*, 2020 WL 741702 (Kan. Ct. App. Feb. 14, 2020) (unpublished) (*Vigil I*), *rev. denied* Aug. 31, 2020. The Kansas Supreme Court (KSC) denied the subsequent petition for review on August 31, 2020.

Petitioner then timely filed a motion for state habeas relief under K.S.A. 60-1507, alleging ineffective assistance of trial counsel. *See Vigil v. State*, 2025 WL 438854, *1 (Kan. Ct. App. Feb. 7, 2025) (unpublished) (*Vigil II*). The state district court denied relief and, on February 7, 2025, the KCOA issued an order affirming the denial. *Id.* Petitioner advises that he has filed a petition for review by the KSC. (Doc. 1, p. 3.) As of the date of this order, the publicly available records of the Kansas state appellate courts reflect that the petition for review remains pending.

On March 12, 2025, Petitioner filed a federal petition for writ of habeas corpus in this Court, beginning this action. (Doc. 1.) Therein, he challenges the validity of his convictions and sentences, alleging multiple constitutional violations. *Id*. As relief, Petitioner asks this Court to vacate his sentence and convictions and order a new trial or the dismissal of the charges against him. (Doc. 1, p. 14.)

**Pending State-Court Proceedings**

As noted above, the information now before this Court reflects that Petitioner's appeal from the denial of his K.S.A. 60-1507 motion remains pending; he has filed a petition for review of the KCOA decision by the KSC. "[T]he interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims." *Rhines v. Weber*, 544 U.S. 269,

273 (2005) (citing *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)). A review of the KCOA opinion reflects that Petitioner made arguments in that proceeding that implicate at least some of the grounds for relief asserted in the federal habeas petition now before this Court.

For example, in the K.S.A. 60-1507 proceeding, Petitioner argued that his trial counsel provided ineffective assistance in violation of his Sixth Amendment rights by failing to call Amber Perez to testify at the trial. *Vigil II*, 2025 WL 438854, at *6. Ground Two of the federal habeas petition alleges a constitutional violation occurred because Ms. Perez did not testify at the trial. (Doc. 1, p. 6.) Thus, the issue of Ms. Perez' anticipated testimony and the constitutional effect of her not testifying is present in both the state and federal actions. In addition, Petitioner candidly admits in the petition that Ground One was raised in his K.S.A. 60-1507 action. *Id.* at 5.

This Court generally will not decide issues, even federal constitutional issues, which are pending resolution in the state courts. *See Younger v. Harris*, 401 U.S. 37, 46 (1971) (holding that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate"). "The states' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986).

The Tenth Circuit has recognized a "'requirement that special circumstances must exist before the federal courts exercise their habeas corpus, injunctive, or declaratory judgment powers to stop state criminal proceedings.'" *Smith v. Crow*, 2022 WL 12165390, *2 (10th Cir. Oct. 21, 2022) (order denying certificate of appealability) (quoting *Dolack v. Allenbrand*, 548 F.2d 891, 893 (10th Cir. 1977)). Although the K.S.A. 60-1507 action is civil, not criminal, it nevertheless has the potential to directly affect Petitioner's criminal convictions and sentence because if

Petitioner is successful in his K.S.A. 60-1507 appeal, the KSC may vacate part or all of those convictions and sentence.

Because Petitioner is currently pursuing an avenue for relief from his state convictions and sentence in state court through his K.S.A. 60-1507 appeal, and because the issues in the state proceedings would be directly affected by resolution of the current federal habeas action, this Court is inclined to refrain from conducting habeas review of those convictions at this time. Rather, the Court finds it more appropriate to dismiss this action without prejudice so that Petitioner may complete his state-court proceedings.

Dismissal of this action without prejudice will not necessarily foreclose petitioner from filing a new federal habeas action after the conclusion of his 60-1507 proceedings. A dismissal "without prejudice" is "dismissal without barring the [petitioner] from returning later, to the same court, with the same underlying claim." *See Styskal v. Weld County Bd. of County Com'rs*, 365 F.3d 855, 858 (10th Cir. 2004) (internal quotation marks omitted) (quoting *Semtek Intl. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001)). Thus, a dismissal of this matter without prejudice would not, by itself, preclude Petitioner from refiling a § 2254 petition in this Court after he exhausts state-court remedies.

Petitioner is cautioned, however, that he will be required to comply with other rules regarding any future § 2254 petition, including the requirement that all asserted grounds for relief be exhausted[2] and the applicable statute of limitations. Federal habeas actions brought under 28 U.S.C. § 2254 are subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1)

---

[2] *See, e.g.*, *Picard v. Connor*, 404 U.S. 270, 275-76 (1971) (setting out exhaustion requirement); Kansas Supreme Court Rule 8.03B(a) (addressing exhaustion in Kansas state courts); *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (discussing the requirements for using ineffective assistance of counsel as cause for a failure to exhaust).

provides: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The Court has considered the statute of limitations as it applies to this matter and finds that it does not weigh against dismissal without prejudice of the current action.

The one-year limitation period generally runs from the date the judgment becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The United States Supreme Court has held that "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The limitation period begins to run the day after a conviction becomes final. See *Harris v. Dinwiddie*, 642 F.3d 902-07 n.6 (10th Cir. 2011).

Direct review of Petitioner's convictions concluded on January 28, 2021, when the 150-day period in which Petitioner could file a petition for writ of certiorari in the United States Supreme Court expired. *See* Miscellaneous Order Rescinding COVID-19 Related Orders, 338 F.R.D. 801 (July 19, 2021). Thus, the one-year federal habeas limitation period began to run the following day. At most, it ran until July 7, 2021, when Petitioner filed his 60-1507 motion in state district court.[3] *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.). At that point, approximately 159 days of the year had elapsed, leaving approximately 206 days remaining.

---

[3] July 7, 2021 is the date on which the state district court filed Petitioner's motion for relief under K.S.A. 60-1507. *See Vigil v. State*, Reno County Case No. 2021-CV-000188, Case Events, available through the Kansas District Court Public Access Portal. Petitioner may be entitled to an earlier filing date under the "prison mailbox rule," which makes "a defendant's pleading . . . considered 'filed' when submitted to prison authorities for mailing." *See State v. Griffin*, 312 Kan. 716, 724 (2021) (citing *Wahl v. State*, 301 Kan. 610, 615 (2015)). On the information now before this Court, however, such entitlement cannot be determined and need not be determined at this time.

When Petitioner's 60-1507 proceedings conclude[4], he will have approximately 206 days in which to file a new § 2254 petition. It appears well within Petitioner's ability to meet that deadline.

For all of these reasons, the Court concludes that this matter should be dismissed without prejudice so that Petitioner may complete his state-court proceedings. The Court will grant Petitioner time in which to show good cause, in writing, why this matter should not be dismissed without prejudice for these reasons. If Petitioner fails to respond by the prescribed deadline, this matter will be dismissed without prejudice and without further prior notice to Petitioner.

**Motion for Leave to Proceed In Forma Pauperis (Doc. 2)**

The motion for leave to proceed in forma pauperis (Doc. 2) will be denied as moot because the filing fee was paid on March 13, 2025. As a result, Petitioner need not comply with the notice of deficiency (Doc. 5) mailed to him on March 13, 2025.

**Motion to Appoint Counsel (Doc. 4)**

Petitioner has filed a motion to appoint counsel, which asserts that "the assistance of an attorney is necessary to effectively represent [him] in this matter" and "because of his poverty, he is not financially able to pay an attorney to represent him." (Doc. 4.)

Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*,

---

[4] A petition for writ of certiorari asking the United States Supreme Court to review a state-court decision in a postconviction proceeding such as those under K.S.A. 60-1507 does not toll the 1-year federal habeas limitation period. *See Lawrence v. Florida*,549 U.S. 327, 332 (2007). Thus, the approximately 206 days will begin to run "when the state courts have finally resolved [the] application for state postconviction relief." *Id .*

451 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough to assert that appointing counsel will help present the "strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

The Court has done so and concludes that the appointment of counsel is not warranted at this time. The interests of comity and federalism require the dismissal of this matter without prejudice so that Petitioner may conclude the related state-court proceedings. If Petitioner shows good cause why this matter should not be dismissed, he may refile his motion for appointment of counsel and address the governing federal standards, set forth above.

**IT IS THEREFORE ORDERED** that Paul Snyder, Warden of Winfield Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that the motion for leave to proceed in forma pauperis (Doc. 2) is **denied as moot** and the motion for appointment of counsel (Doc. 4) is **denied.**

**IT IS FURTHER ORDERED** that Petitioner is granted until and including **April 28, 2025**, to show good cause, in writing, why this matter should not be dismissed without prejudice so that Petitioner may complete the related ongoing state-court proceedings.

**IT IS SO ORDERED.**

DATED:   This 26th day of March, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

7